ROY C. MYERS, Plaintiff–Appellant, v. DOUGLAS STANLEY BEATTY, CINDY BEATTY, RICHARD CHARLES ADLER, BARBARA WALZ ADLER and THOMAS R. WEIGHTMAN, Defendants–Appellees, and JOHN DOES I–X, et al., Defendants, and REAL ESTATE COMMISSION, Respondent–Appellee

NO. 13334

(CIV. NO. 86–172)

JULY 27, 1989

NAKAMURA, ACTING C.J., PADGETT, HAYASHI, and WAKATSUKI, JJ., and INTERMEDIATE COURT OF APPEALS ASSOCIATE JUDGE TANAKA, IN PLACE OF LUM, C.J., RECUSED

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from an order entered June 23, 1987, denying appellant's motion for an order of payment from the Real Estate Recovery Fund (Fund).

Appellant commenced this case by a complaint filed February 25, 1986, which alleged certain conduct on the part of one Thomas R. Weightman (Weightman) and alleged:

37. Each and/or all of the Defendants herein knew or should have known of the transactions herein, the failure of the AGREEMENT to accurately reflect the facts or the terms of the verbal agreement, the misrepresentations of each and/or all of the Defendants, and the failure to disclose material facts by each and/or all of the Defendants, resulting in the Defendants being jointly and/or severally liable to Plaintiff for the sums due and owing under the promissory note attached to the AGREE-MENT as Exhibit A and/or the Promissory Note misdated March 13, 1983.

38. Each and/or all of the Defendants are liable to Plaintiff upon the theory of misrepresentation[.]

On October 20, 1986, appellant entered into a settlement with certain of the defendants. On November 17, 1986, the Real Estate Commission (Commission) received notice of appellant's claims against Weightman by a letter dated November 14, 1986. Transmitted therewith were copies of the complaint and settlement agreement. The letter notified the Commission that default had been entered against Weightman and that the plaintiff was willing to postpone the hearing on the judgment for default to permit the Commission sufficient time to review the case. The Commission made no response then or later.

Findings of fact and conclusions of law from the evidence adduced at the notice of proof hearing were entered on March 2, 1987 and, on March 6, 1987, a default judgment of $46,666.90 was entered against Weightman.

On June 26, 1987, appellant filed the motion for order of payment from the Fund. A hearing was held July 15, 1987, and the court denied the motion because the notice to the Commission was untimely under HRS § 467–18(a).

HRS § 467–18(a) provides as follows:

(a) No action for a judgment which subsequently results in an order for collection from the real estate recovery fund shall be started later than two years from the accrual of the cause of action thereon. When any aggrieved person commences action for a judgment which may result in collection from the real

estate recovery fund, the aggrieved person shall notify the real estate commission in writing to this effect at the time of the commencement of such action. The commission may intervene in and defend any such action.

HRS § 467–21 provides in part:

The commission or its legal representative shall be served with all pleadings in an action which may result in a recovery from the real estate recovery fund.

HRS § 467–23 provides:

The failure of an aggrieved person to comply with this chapter relating to the real estate recovery fund shall constitute a waiver of any rights hereunder.

In this case, it is clear that appellant did not comply with the provisions of § 467–18. It was over eight months after the commencement of the action that appellant first notified the Commission of the lawsuit. The language of the statute is clear and unambiguous. There is nothing in the legislative history to indicate that the legislature did not mean what it said when it required the Commission to be notified in writing of the commencement of the action at the time the action was commenced, nor is there anything to indicate that the legislature did not mean that a failure to comply with that requirement would constitute a waiver under HRS § 467–23. Accordingly, we apply the statute as written and affirm the judgment below.

*William J. Rosdil* (*Calvin J. Fukuhara* on the briefs) for appellant.

*Gary W.K. Au Young* (*Sidney K. Ayabe* with him on the brief; Libkuman, Ventura, Ayabe, Chong & Nishimoto) for appellee Real Estate Commission.

*Raymond K. Hasegawa* for appellees Adler.

*Stephen J. Menezes* for appellees Beatty.